**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHERRY LORRAINE SUMMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-677-GKF-PJC |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Before the court is the Report and Recommendation of United States Magistrate Judge Paul J. Cleary on the judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits to plaintiff Sherry Lorraine Summers ("Summers") [Doc. No. 17], and the Objections thereto filed by Summers [Doc. No. 18]. The Magistrate Judge recommends the Commissioner's decision be affirmed. For the reasons set forth below, the court disagrees, sustains the objections in part, and remands the case for further administrative proceedings.

## **I. Procedural History**

On November 8, 2012, Summers applied for disability insurance benefits based upon disability beginning February 9, 2012.[1] [Doc. No. 11-2, p. 14]. The Social Security Administration ("SSA") denied Summers' application both initially and on reconsideration. As a result, Summers requested and received a hearing before Administrative Law Judge Gene M. Kelly (the "ALJ") on June 10, 2014. The ALJ issued a written decision denying benefits on August 13, 2014. The SSA Appeals Council denied review of that decision on September 25,

---

[1] Summers amended the alleged onset date of disability to November 8, 2012, at the administrative hearing. [Doc. No. 17, p. 3].

2014.  Consequently, the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal.  20 C.F.R. §§ 404.981, 416.1481.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 72(b)(3), the court "must determine *de novo* any part of [a] magistrate judge's disposition . . . properly objected to.  The district judge may accept, reject, or modify the recommended dispositions; receive further evidence; or return the matter . . . with instructions."  In the disability benefits context, *de novo* review is limited to determining "whether [ ] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is more than a scintilla, but less than a preponderance.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  On review, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992)).

## III. Analysis

Summers argues that RFC does not comport with available jobs identified by the VE.  Specifically, she argues that: (1) her limitations to simple, repetitive work disqualify her as a cashier; and (2) her physical limitations disqualify her as a housekeeper.

"[A]n ALJ must elicit a reasonable explanation for any material conflicts between a VE's testimony and occupational information in the DOT."  *Garcia v. Barnhart*, 188 Fed. App'x 760, 767 (10th Cir. 2006).  That principle applies to "facial conflict[s]" between a claimant's RFC and

2

reasoning ability—for instance, where, as here, a claimant limited to "simple and repetitive tasks" is deemed qualified for jobs requiring level-three reasoning. *See id.*; *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Paulek v. Colvin*, --Fed. App'x--, 2016 WL 5723860, at *5 (10th Cir. Oct. 3, 2016).

The government responds that level-three reasoning ability is not necessarily inconsistent with a simple and routine work limitation. And that is true, as far as it goes. But it does not relieve the ALJ of his "affirmative duty to investigate and elicit a reasonable explanation" for the apparent conflict on the record. *See Paddelty v. Colvin*, No. CIV-14-891-D, 2016 WL 3647697, at *3 (W.D. Okla. July 1, 2016); *Hackett*, 395 F.3d at 1176. "The ALJ failed to [ask] the VE [to] reconcile" the conflict between Summers' functional limitations and required reasoning ability. *See Paulek*, 2016 WL 5723860, at *5; [Doc. No. 17] (acknowledging "the ALJ did not ask specifically about the apparent conflict"). Accordingly, the ALJ "committed reversible error," *see Paulek*, 2016 WL 5723860, at *5, and did not support his vocational determination with substantial evidence, *Clark v. Colvin*, No. CIV-14-1294-L, 2016 WL 1178807, at *1 (W.D. Okla. Mar. 23, 2016).

Moreover, that error was harmful. The government contends although the magistrate judge "expressed some doubt" about Summers' ability to perform housekeeping work, such jobs exist in significant numbers in the economy. [Doc. No. 20, p. 3]. That is a charitable characterization. In truth, the magistrate judge called "unreasonable" the ALJ's finding that Summers' limitations allowed her to "make beds, move furniture, hang drapes, roll carpets, or perform most of the other duties of a competent hotel housekeeper on a daily basis." *See* [Doc. No. 17, p. 9]. Indeed, he expressly referred to that finding as "error." [*Id.*]. The court agrees with that determination. Summers' RFC limits her to ability to "bend, stoop, squat, kneel,

crouch, crawl, [and] push/pull with [her] right upper extremity." [Doc. No. 11-2, p. 20]. The housekeeper entry in the Dictionary of Occupational Titles, however, requires stooping, kneeling, and crouching "occasionally"—that is, "up to 1/3 of the time"—and reaching and handling "frequently"—that is, "from 1/3 to 2/3 of the time." *See* DICOT 323.687-014 (G.P.O.), 1991 WL 672783. "Though the ALJ asked the VE whether [her] testimony was consistent with the DOT, it clearly was not," and additional testimony was required to reconcile Summers' RFC with the demands of jobs existing in the Oklahoma and national economy. *See Paulek*, 2016 WL 5723860, at \*5.

WHEREFORE, Summers' Objections to the Magistrate's Report and Recommendation [Doc. No. 18] are sustained in part,[2] and the Report and Recommendation [Doc. No. 17] is rejected as to the issues discussed herein. The decision of the Commissioner is reversed and the case remanded for further proceedings consistent with this order. On remand, the ALJ may revisit other aspects of his decision on a full record as appropriate.

IT IS SO ORDERED this 31st day of January, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because reversal is warranted, the court need not address Summers' objection regarding the ALJ's credibility determinations and weighing of the medical evidence. The court notes, however, the persuasive force of the magistrate judge's conclusions on this score. [Doc. No. 17, pp. 9–20].